# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 12-016V

Filed: May 23, 2013

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
JULIE ANDERSON,                       *    Special Master Zane
                                      *
                Petitioner,           *
v.                                    *    Stipulation; attorneys' fees and costs
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
                Respondent.           *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Sheila Ann Bjorklund*, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner;
*Gordon Elliot Shemin*, United States Dep't of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

<u>ZANE</u>, Special Master.

On May 22, 2013, the parties in the above-captioned case filed a Stipulation of Facts Concerning Attorneys' Fees and Costs ("Stipulation") memorializing their agreement as to the appropriate amount of attorneys' fees and costs in this case. Petitioner requests a total award of $30,250.00. Petitioner's counsel represents that Petitioner incurred no personal litigation costs. The undersigned awards the amount to which Respondent does not object.

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. Absent a timely motion to redact, the decision will be made available to the public in its entirety. If the Special Master, upon review of a timely-filed motion, agrees that the identified material fits within the categories listed above, the Special Master shall redact such material from the decision made available to the public. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

Petitioner, Julie Anderson, filed a petition for vaccine injury compensation on January 9, 2012. Petitioner alleged that she that three hepatitis B vaccines she received in March, May, and September 2008, significantly aggravated her pre-existing multiple sclerosis ("MS"). Petition, ¶ 1.

Following the filing of the Petition, medical records were filed. Respondent moved to dismiss Petitioner's claim on the grounds that the claim was untimely as it had been filed more than 36 months after the onset of symptoms. *See generally Cloer v. Sec'y of Health & Human Servs.,* 654 F.3d 1322, 1340 (Fed. Cir. 2011), *cert. denied*, 132 S. Ct. 1908 (2012). Respondent's motion was granted, and Petitioner's claim was dismissed.

After the dismissal of Petitioner's claim, there remained an issue of whether Petitioner could be awarded attorneys' fees as the claim had been dismissed as untimely. That issue was resolved by the Supreme Court, which held that Petitioner could be awarded fees despite a dismissal for untimeliness if the claim was filed in good faith and there was a reasonable basis for it. *Sebelius v. Cloer,* ____ S,Ct, ____, 2013 WL 2149791 (May 20, 2013). Thus, even though the case was dismissed, Petitioner may be awarded attorneys' fees and costs where her petition was brought in good faith and she had a reasonable basis for proceeding. *See* 42 U.S.C. § 300aa-15(e). Here, counsel for Petitioner spent time gathering medical records for Petitioner that gave indications of a possible timely connection between the onset of the injury and the date of filing. Thus, to that point, there was a reasonable basis for proceeding, and Petitioner's counsel acted in good faith in so doing.

Based on the foregoing, Petitioner is eligible for an award of attorneys' fees and costs. Respondent does not contend that Petitioner has not satisfied the requirements for an award of fees and costs.

After reviewing the request, the court finds the stipulated amount of $30,250.00, in attorneys' fees and costs to be reasonable. Based on the request's reasonableness and pursuant to Vaccine Rule 13, the undersigned **GRANTS** the parties' request as outlined in the Stipulation. The judgment shall reflect that Petitioner is awarded attorneys' fees and costs as follows:

> **in a check made payable jointly to Petitioner (Julie Anderson) and Petitioner's counsel (Sheila A. Bjorklund, Lommen Abdo Law Firm), the amount of $30,250.00.**

The court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/ Daria Zane
Daria J. Zane
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.